(72 App. Div. 15.)

### FRANCIS v. WATKINS et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. **EXECUTION SALES—NOTICE OF SALE—DIAGRAM OF PROPERTY—EFFECT OF MISTAKE—RELIEF OF PURCHASER.**

   Special term supreme court rule 14 requires the notice of sale of real estate on execution to include a diagram of the property, but provides that an unintentional mistake therein shall not invalidate the sale, or authorize the court to relieve the purchaser. The diagram attached to a notice of the sale of real estate under execution from such court was erroneous in failing to give the direction or location of the lines of the property, but the mistake was unintentional, and the property was correctly described in the notice of sale, which also contained a reference to a map in the register's office as showing the location of the property. *Held*, that the purchaser would not be relieved from his purchase, on the ground that he had been misled by the diagram as to the size of the property, though the rule does not limit the power of the court to relieve the purchaser.

2. **SAME—EXCESSIVE BID—EVIDENCE.**

   Uncontradicted evidence that another person bid within $50 of the price bid by the purchaser at an execution sale, at which the property sold for $54,500, is sufficient on an application by the purchaser to be relieved from his bid, to show that the property did not sell for more than it was worth.

3. **SAME—COURTS—AUTHORITY TO MAKE RULES.**

   General practice rule 83, providing that the appellate division in each department in the various courts of record may make such further rules as are deemed necessary, authorizes special term supreme court rule 14, requiring the notice of the sale of real estate on execution to include a diagram of the property, but providing that an unintentional error shall not invalidate the sale, or authorize the court to relieve the purchaser.

Appeal from special term, New York county.

Action by Jeanette H. Francis, as executrix, against Benj. F. Watkins. Judgment was rendered for plaintiff, and real property was sold under execution to Rube R. Fogel for $54,500, and from an

order refusing to relieve the purchaser from his bid he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Louis Marshall, for appellant.
George A. Strong, for respondent Jeanette H. Francis.
Ernest P. Hoes, for respondents Benjamin F. Watkins and others.

INGRAHAM, J. The property that was sold under the judgment in this action consisted of a plot of ground in the Twelfth ward of the city of New York. In the notice of sale the property to be sold was described as three certain plots, pieces, or parcels of land in the city of New York, "laid down and designated on a certain map entitled 'Map of Lands in the Twelfth Ward of the City of New York Belonging to Isaac P. Martin, June 22, 1870. William Rumble, Surveyor,' and filed in the office of the register of the city and county of New York, in tin case 719, by the numbers 3, 4, and 7, and which said plots, taken together, are bounded as follows, this is to say: On the north by the Ft. Washington Depot road; on the east by the said Ft. Washington Depot road and by a private road laid down on said map, and by a part of plot number two, laid down on said map; on the south by said plot number two, and on the west by the Boulevard Lafayette." There was annexed to this advertisement of sale what purported to be a diagram of the property to be sold, which correctly set forth the number of feet upon the lines bounding the plot; but it is claimed by the purchaser that from the diagram he formed an inaccurate idea of the size of the plot, although the number of feet was correctly stated, because the diagram was incorrect as to the direction of various lines bounding the property, and apparently represented the plot as larger than it actually was, and that in consequence of this mistake the purchaser should be relieved from his purchase. The written description of the property correctly described it. It referred to a certain map on file in the register's office which contained a correct description. It further appeared that a correct transcript of this map was furnished by the plaintiff's attorney to the newspaper, from which a diagram was to be prepared, but those connected with the newspaper, in preparing the diagram annexed to the notice of sale, did not quite accurately reproduce the diagram submitted to them, and that it was in consequence of this inaccuracy, without the fault of any of the parties to the action, or the referee appointed to conduct the sale, that the plaintiff was misled. This diagram was annexed to the notice of sale, under the provision of rule 14 of the rules of the special term of the supreme court in this department. That rule provides:

"The referee or officer making such sale shall cause to be published with the notice of sale a diagram of the property to be sold, or of which an interest therein is to be sold, showing the street or avenue upon which such property is located, its street or avenue number, if any, and specifying the number of feet to the nearest cross street or avenue. * * * An unintentional error, however, in such diagram, * * * shall not invalidate the sale, nor authorize the court to relieve the purchaser, or order a new sale."

By the rule requiring this diagram to be published, notice was thus expressly given that an error in the diagram should not be considered as a ground for setting aside the sale; and persons who intended to be purchasers at the judicial sale were thus notified that they were not to rely upon the correctness of this diagram in bidding upon the property. Upon the diagram annexed to this notice of sale there was no direction or location of the lines which constituted its boundary, and it is difficult to see how any one could attempt to make any accurate calculation as to the number of city lots included within these boundaries. A reference in the printed advertisement of sale to the map on file in the register's office was notice to a purchaser where he could obtain an accurate description of the property. Instead of adopting this means, which would inform him upon the subject, he relied upon a diagram annexed to the published notice of sale, which must necessarily be inaccurate as to the direction of the lines therein expressed, or of the curves of the road which bounded the property upon one side. He thus used the diagram for a purpose that was not intended, and assumed from it facts that it did not purport to state. He omitted to obtain the information specified in the notice of sale, and from which accurate information could have been obtained, and seeks to throw upon the parties to the action the burden of this negligence and the assumption, entirely unjustified by the diagram itself, and in disregard of the express notice contained in the rule directing the diagram to be annexed to a published notice of sale. There was no dispute but that the mistake, if there was a mistake, was unintentional, and was the fault of neither of the parties to the action, nor the referee, but of the newspaper employé who prepared the diagram. This provision in the rule was not intended, as the learned counsel for the appellant seems to assume, to limit the power of the supreme court, but as a notice to purchasers that this diagram was not to be used by them as an accurate reproduction of the property, and that an unintentional error in the diagram should not be considered as a reason for relieving them from a purchase. The rule was adopted in order to convey to purchasers knowledge of the locality of the property to be sold. The formal legal description of the property which was to control both the purchaser and those interested in the action was not to be dispensed with; nor was this diagram a substitute for such a legal description. This formal description was correct, and informed all purchasers of the boundary, location, and size of the property to be sold. There was nothing in this diagram that contradicted the published description of the property. No one, from the diagram alone, could determine just the number of city lots included. That depended upon the curve of the street known as the "Ft. Washington Depot road" and the angles of the lines which constituted the south boundary of the property, and the diagram did indicate these curves or angles. The affidavit of Mr. Ford, the city surveyor, that, if he relied upon the diagram attached to the terms of sale in the above action, he would be misled into overestimating the quantity of land appearing to be included in said diagram, is no justification for the appellant in relying upon such a diagram to indicate the quantity of land, as it did not pur—

port to include such quantity, nor was any statement made in the diagram to justify an assumption that it did. That the property did not sell for more than it was worth appears from the uncontradicted fact that another bidder bid within $50 of the amount bid by the purchaser. The power to make this rule, as well as the other rules made by the appellate division of this department, is conferred by rule 83 of the general rules of practice, which provides that the appellate division in each department in the various courts of record may make such further rules in regard to the transaction of business before them, respectively, not inconsistent with the foregoing rules, as they, in their discretion, may deem necessary; and this gives to the appellate division power to regulate the practice of referees and the notice to be given of judicial sales, and the effect of such notice of sale, not inconsistent with the Code of Civil Procedure or the general rules of practice.

It followed that the mistake of the purchaser, if mistake there was, was caused by his reliance upon this diagram as to a fact which it did not purport to state, in direct opposition to the description of the property by which the property was sold, which contained a reference to a map on file in the register's office from which the real dimensions of the property could have been ascertained, and when, by the provision under which the diagram was annexed to the notice of sale, there was express notice given that an error in this diagram should not be considered as a reason for relieving a purchaser from his bid.

We have put the decision of this action upon the ground that a mistake as a result of a reliance upon this diagram did not justify the court in relieving the purchaser from his bid; but in this case it expressly appears that the purchaser visited the property and inspected it prior to the purchase. It is not disputed that he saw from that inspection the boundaries of the property purchased, and he has obtained just the property that he saw and intended to purchase.

Upon the whole case, we think the court below correctly refused to relieve the purchaser, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.